IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-02340-PSF-BNB

CARROLL MICHAELS,

    Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY,
a Utah corporation,

    Defendant,

---

**ORDER ON MOTION TO TRANSFER VENUE**

---

This matter is before the Court on Defendant Union Pacific Railroad Company's Motion to Transfer Pursuant to 28 U.S.C. § 1404 and F.R.Civ.P. 12(b) (Dkt. # 4), filed on December 18, 2006. Plaintiff Carroll Michaels filed a response on January 10, 2007 (Dkt. # 10), and defendant replied on February 5, 2007 (Dkt. # 15). Pursuant to this Court's order granting leave to respond to new evidence and arguments raised in the reply (Dkt. # 30), plaintiff filed a surreply on March 8, 2007 (Dkt. # 31). Also pending is defendant's Motion for Hearing on Motion to Transfer (Dkt. # 34), filed on March 27, 2007. The motions are ripe for determination.

**I.    BACKGROUND**

Plaintiff Carroll Michaels alleges he suffered personal injuries after being subjected to repetitive and cumulative trauma due to the negligence of his employer,

Defendant Union Pacific Railroad Company ("Union Pacific"), while employed as a trainman for the railroad from February 1976 until September 2006.  Compl. (Dkt. # 1) ¶¶ 5–7; Michaels Aff. (Dkt. # 12) ¶ 2.  He claims these injuries were "due to rough riding locomotives and/or locomotive cab seats that failed to protect [Michaels] from long-term exposure to vibratory forces."  Compl. ¶ 5.

While a Union Pacific employee, Michaels spent 21 of his 30 years "almost exclusively" on freight trains operating between North Platte, Nebraska and Cheyenne, Wyoming (hereinafter "the Sidney Subdivision").  Michaels Aff. ¶ 6.  The track on this route crossed the border into Colorado for a total of approximately nine miles.  Coleman Aff. ¶ 6, attached to Def.'s Reply.  "[O]n occasion" during his career, Michaels also worked on freight trains operating between Sterling, Colorado and Julesberg, Colorado. Michaels Aff. ¶ 5.  Michaels brings suit against Union Pacific in part under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51–69.

Union Pacific moves to transfer this case pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of Nebraska and alternatively moves "to dismiss under Rule 12(b)."  In support of its motion, Union Pacific asserts that Michaels is a Nebraska resident, his work location is Nebraska-based, many of the fact and medical witnesses are Nebraska-based, and railroad records pertaining to Michaels's claims are maintained in Union Pacific's North Platte, Nebraska office.  Broad Aff. ¶¶ 3, 5–8, attached as Ex. A to Def.'s Br. Supp. M. to Transfer (Dkt. # 5).

Michaels responds that his primary medical treatment for his back has been provided by Dr. Jeffrey Kleiner of Aurora, Colorado.  Michaels Aff. ¶ 13.  Michaels

further alleges that the services of the Nebraska medical providers were of limited duration and constituted limited treatment. Pl.'s Resp. at 2–4. Michaels also contends that several material fact witnesses reside outside of Nebraska, some in Colorado and some in other states. *Id.* at 6–8. He further emphasizes that a transfer of venue would simply shift the inconvenience from one party to another and is thus improper. *Id.* at 13–16.

## II.     MOTION TO TRANSFER VENUE

### A.     Applicable Legal Standards

Title 28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under FELA venue is proper "in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." 45 U.S.C. § 56. Thus, in this case venue is proper in either Colorado or in Nebraska, as it is undisputed that Union Pacific does business in both states. FELA cases are not exempt from the scope of § 1404(a), notwithstanding FELA's broad venue provision. *See Ex parte Collett*, 337 U.S. 55, 60–61 (1949).

A district court has discretion to transfer venue pursuant to § 1404(a). *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376

U.S. 612, 622 (1964)). The party seeking transfer bears the burden of establishing the inconvenience of the existing forum. *Scheidt*, 956 F.2d at 965; *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). Unless the balance of the inconvenience is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed. *Scheidt*, 956 F.2d at 965.

Non-exclusive factors relevant to a § 1404(a) transfer analysis include:

> [t]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.*, 928 F.2d at 1516.

Although a plaintiff's choice of forum is generally given deference, it is entitled to little weight where a plaintiff does not reside in the chosen forum and there is no significant connection between the chosen forum and the cause of action. *See Bailey v. Union Pac. R.R. Co.*, 364 F. Supp. 2d 1227, 1230 (D. Colo. 2005) (citing cases); *see also Cuzzupoli v. Metro-North Commuter R.R.*, No. 02 Civ. 7947, 2003 WL 21496879, at *2 (S.D.N.Y. June 30, 2003) ("Because plaintiff in this [FELA] case is a resident of Connecticut and the events underlying the litigation occurred in Connecticut, I find that little weight should be afforded to plaintiff's choice of this New York forum."). Finally, "the location and convenience of counsel is a not a relevant factor." *Bailey*, 364 F. Supp. 2d at 1230.

**B.     Analysis**

In this § 1404(a) transfer of venue determination, the balance of factors dictate that the motion to transfer venue be denied despite the fact that the Court gives "little," rather than "considerable," deference to plaintiff's choice of forum because he is a non-resident and his injuries have, at best, a tenuous connection to Colorado.  Here, the convenience of the witnesses and the availability of compulsory process to insure their attendance are the most compelling factors.  *See Bailey*, 364 F. Supp. 2d at 1230; *Sackett v. Denver & Rio Grande W. R.R. Co.*, 603 F. Supp. 260, 261 (D. Colo. 1985).

The Court first notes that both Michaels and Union Pacific refer to some potential witnesses who reside in states other than Colorado or Nebraska, mostly Wyoming.  These potential witnesses have no impact on the venue transfer analysis. *See Bailey*, 364 F. Supp. 2d at 1231.  Neither party indicates that these witnesses are subject to a District of Colorado trial subpoena or that they would be particularly inconvenienced by testifying at trial in either a Colorado or Nebraska federal court.  *Id.* In addition, the location of Michaels's personnel files is of minimal significance, as there is no indication that those files are voluminous or difficult to send to Colorado for use at trial.  *See id.*  Thus, the Court turns to the potential witnesses in this case who reside in either Colorado or Nebraska to determine whether Union Pacific has met its burden of proving that the balance of inconvenience is strongly in its favor.

In its motion to transfer, Union Pacific points to several fact and medical witnesses who are located in Nebraska.  Specifically, Union Pacific identifies the

following fact witnesses who are based in Nebraska, along with the alleged basis of their knowledge:

- Robert Coleman, who supervised Michaels in the 1970s and 1980s and has direct knowledge about the maintenance and operation of the locomotives in question.  *See* Coleman Aff., attached to Def.'s Reply.

- Mary Broad, who is Union Pacific's claims representative.  Broad Aff. ¶ 1, attached to Def.'s Reply.

- Charles F. Chapman, a Manager of Operating Practices who supervised Michaels for ten years (1994 to 2004) and has knowledge of the procedure for handling ride quality complaints and personal experience with locomotives on the Sidney Subdivision.  *See generally* Chapman Aff., attached to Def.'s Reply.

- Mark L. Yetter, a Manager of Train Operations who directly supervised Michaels for a period of six months to a year and oversaw engineers and others responsible for the locomotives on the Sidney Subdivision route.  *See generally* Yetter Aff., attached to Def.'s Reply.

- Travis Berney, a machinist who has performed Ride Quality Inspections on locomotives traveling on the Sidney Subdivision.  Broad Aff. ¶ 6.

- Thomas Dowhower, a foreman who will describe management policies and directives for locomotive ride quality.  *Id.* ¶ 7.

- Gary Harlan, a Mechanical Analyst who may offer locomotive maintenance history at trial.  *Id.* ¶ 4.

- Cameron Scott, a Superintendent who formerly supervised plaintiff.  Broad Aff. ¶ 6, Ex. A to Def.'s Br. Supp. M. to Transfer.

Thus, Union Pacific has identified several fact witnesses in Nebraska who it contends may or will testify about Union Pacific's alleged acts of negligence and their relation to Michaels's injuries.  Moreover, Union Pacific contends that these employee witnesses' attendance at trial in Colorado would add to its burden because of lost work time and

travel and hotel expenses for each of them. Russell Aff. ¶¶ 3–5, attached to Def.'s Reply.

Union Pacific also identifies the following Nebraska-based medical witnesses in support of its motion to transfer:

> !   Dr. Jeffrey Brittan, Michaels's primary care physician who treated him for back problems in 2006 before referring him to Dr. Kleiner. Broad Aff. ¶ 5.
>
> !   Mary Daily, Physician's Assistant to Dr. Brittan, who authored reports of back pain in 2004 that may relate to claims of Michaels's sole or contributory negligence. Broad Aff. ¶ 3 & Exs. C & D thereto, attached to Def.'s Reply.

These witnesses appear to be able to testify as to Michaels's potentially work related injuries that are the subject of this action. Thus, their observations and diagnosis of him at discrete times may well be probative of some of the issues in dispute.[1] In addition, they are third-party witnesses who appear to be beyond Union Pacific's control, are not located within 100 miles of the federal courthouse in Denver, and thus are not subject to a trial subpoena. *See* F.R.Civ.P. 45(b)(2).

On Michaels's side of the ledger, other than his choice of forum in Colorado, Michaels identifies several fact witnesses who reside in Colorado, describing these witnesses and the basis of their knowledge as follows:

---

[1] In addition to Dr. Brittan and Ms. Daily, Union Pacific also identifies Dr. Dwight Larson and Dr. Leland Lamberty, who treated plaintiff at some point in the past. Broad Aff. ¶ 3 & Ex. B thereto. However, Union Pacific has failed to demonstrate their relevance to the case. Michaels apparently saw Dr. Lamberty a few times in the 1970s for injuries unrelated to the type of injuries at issue in this case, and his office no longer contains any medical records relating to Michaels. Michaels Aff. ¶¶ 8, 11–13, attached to Pl.'s Surreply. Similarly, Dr. Larson's medical care for Michaels occurred over a decade ago, and there is no indication that it was for the type of injuries at issue in this case. *Id.* ¶¶ 8–9. The convenience of these two doctors thus is not relevant to the venue transfer analysis.

> ! Charles Turner, an engineer who has knowledge of complaints about poor seating and lack of air ride seats on Union Pacific's locomotives. Ex. A to Bremseth Aff. at 5, attached to Pl.'s Resp.
>
> ! Larry Clark, a trainman who worked on the same kinds of trains that Michaels worked on for the majority of his career and who has knowledge of poor seating and complaints about poor seating on those trains. *Id.* at 5–6; Bremseth Aff. ¶ 10.
>
> ! Everett Carrico, a trainman who, like Michaels, worked on trains traveling between Cheyenne and North Platte and who has knowledge of rough-riding locomotives on that route. Ex. A to Bremseth Aff. at 8; Bremseth Aff. ¶ 9.
>
> ! Claire J. Kirkpatrick, a Union Pacific engineer who has knowledge of problems with locomotives not being fixed, including worn out seats. Ex. A to Bremseth Aff. at 9; Bremseth Aff. ¶ 10.
>
> ! Mike Daly, who has knowledge of problems with worn out seats in Union Pacific locomotives and complaints by railroad union members regarding locomotive seats. Ex. A to Bremseth Aff. at 9; Bremseth Aff. ¶ 10.

Thus, like Union Pacific, Michaels has identified potential fact witnesses with allegedly relevant information on his negligence claims, and Union Pacific does not dispute the materiality of these witnesses.[2] In addition, Dr. Kleiner, Michaels's principal treating physician who may also be an expert witness, is located in Colorado. While Dr. Kleiner's location is not controlling, *Bailey*, 364 F. Supp. 2d at 1232, it does support Michaels's choice of venue in Colorado.[3] *See Palace Exploration Co. v. Petroleum*

---

[2] Michaels also identifies Colorado residents Ron Lange and Levi R. McEuen as potential witnesses. Pl.'s Resp. at 23. However, Michaels does not elaborate on the materiality of these witnesses or the substance of their testimony. Thus, the convenience of these potential witnesses will not be considered in this venue transfer analysis.

[3] While Union Pacific emphasizes that Dr. Kleiner regularly acts as a treating physician for FELA plaintiffs, Def.'s Reply at 3, nothing in the record suggests that Michaels retained Dr. Kleiner principally to bolster venue in this district.

*Dev. Co.*, 316 F.3d 1110, 1122 (10th Cir. 1993). Michaels is also being treated by Dr. Malcolm S. Dobrow, who practices in Colorado, for back pain. Michaels Aff. ¶ 16.

Given the presence of potential witnesses with allegedly relevant information in both Colorado and Nebraska, transfer of venue is inappropriate in this case. Again, to meet its burden, Union Pacific must show that the balance of the inconvenience is strongly in its favor. *Scheidt*, 956 F.2d at 965. Moreover, transferring venue is improper where it merely shifts the inconvenience from one party to another. *Id.* at 966; *Patterson v. Union Pac. R.R. Co.*, No. 06-cv-02092, 2007 WL 14291, at *2 (D. Colo. Jan. 3, 2007) (Babcock, C.J.). The Court finds that transferring venue in this case would only serve to shift the inconvenience from defendant to plaintiff, which is an insufficient reason to transfer the case.

The Court recognizes that it has granted transfers of venue to Nebraska in the past in FELA cases brought against Union Pacific. However, the only factor supporting denial of transfer in those cases was the location in Colorado of a single treating physician. *Bailey*, 364 F. Supp. 2d at 1231; *Meyer v. Union Pac. R.R. Co.*, No. 03-F-1697, 2003 U.S. Dist. LEXIS 26469 (D. Colo. Dec. 1, 2003). This case is more similar to *Patterson*, in which Chief Judge Babcock denied Union Pacific's motion to transfer venue where potential witnesses were "scattered around southwestern Nebraska, southeastern Wyoming, and Colorado." *Patterson*, 2007 WL 14291, at *2. Because the balance of the inconvenience does not strongly favor Union Pacific, Michaels's choice of venue will not be disturbed.

**III.    MOTION TO DISMISS**

Union Pacific's Motion to Transfer included an unsupported, one-line request for dismissal "pursuant to Rule 12(b)." The motion only mentions Rule 12 in the caption and again in the conclusion, while the entire substance of the motion and related briefing relates to the request to transfer venue. Union Pacific presumably relies on F.R.Civ.P. 12(b)(3), which relates to "improper venue," as the basis for its motion to dismiss. However, the motion lacks even a sentence of supporting argument or any proper citation and thus fails to comply with Local Rule 7.1C, which requires that "a motion involving a contested issue of law shall state under which rule or statute it is filed and be supported by a recitation of legal authority incorporated into the motion." Accordingly, Union Pacific's motion to dismiss "pursuant to Rule 12(b)" is DENIED.

## IV.   CONCLUSION

For the foregoing reasons, Defendant Union Pacific Railroad Company has failed to meet its burden of showing that a transfer of venue is appropriate "for the convenience of parties and witnesses [and] in the interest of justice." The Motion to Transfer Pursuant to 28 U.S.C. § 1404 (Dkt. # 4) is therefore DENIED. Union Pacific's alternative motion for dismissal under "Rule 12(b)" (Dkt. # 4) is also DENIED. Finally, because a hearing on the motion to transfer is unnecessary, Defendant's Motion for Hearing on Motion to Transfer (Dkt. # 34) is DENIED.

DATED:  June 22, 2007

BY THE COURT:

*s/Phillip S. Figa*
Phillip S. Figa
United States District Judge